IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REUBEN LYNCH,<br><br>    Plaintiff,<br><br>v.<br><br>CENTER FOR MEDICINE, ENDOCRINOLOGY, AND DIABETES, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Reuben Lynch, by and through his undersigned counsel, and hereby brings this action against Defendant Center for Medicine, Endocrinology, and Diabetes, LLC.

**NATURE OF THE ACTION**

1.   Plaintiff Reuben Lynch ("Lynch") brings this action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq., alleging that Defendant Center for Medicine, Endocrinology, and Diabetes, LLC, ("CMED") willfully failed to compensate Plaintiff at time and one-half for all hours worked in excess of forty (40) hours per week.

1

2. As a result of Defendant CMED's violation of the FLSA, it is liable to Plaintiff for all unpaid overtime wages, an equal amount of liquidated damages, and reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendant resides and transacts business in this District and Division.

5. Plaintiff is a former, nonexempt "employee" of Defendant CMED.

6. Defendant CMED at all times relevant qualified as an "employer" as defined by 29 U.S.C. § 203(d).

7. Defendant CMED employed Plaintiff who handled and otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. For example, in order to perform his work, Plaintiff (1) prepared documents for direct and indirect interstate transmission; (2) sent and received out-

of-state letters, mail, and various other documents; and (3) routinely used instrumentalities of interstate commerce to perform his work.

9. On information and belief, and at all times relevant, Defendant CMED has had an annual gross volume of sales made, or business done, in excess of $500,000.00.

## PARTIES

10. Plaintiff Reuben Lynch is a citizen of Georgia who resides in Atlanta, Georgia.

11. Defendant CMED is a Georgia limited liability company with its principle office located at 5667 Peachtree Dunwoody Road, N.E., Atlanta, Georgia 30342-1725.

12. Defendant CMED may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Michael R. Barry, at 171 17th Street, N.W., Suite 2100, Atlanta Georgia 30363.

## FACTUAL ALLEGATIONS

13. Plaintiff Lynch was employed by Defendant CMED from approximately June 26, 2000, to August 2, 2011, as a Medical Record Clerk.

14. Defendant CMED is an enterprise that primarily engages in the care of sick persons and offers services related to a branch of biology and medicine dealing with the endocrine system.

15. Generally, Plaintiff worked Monday through Friday an eight (8) hour-shift that began at 8:30 a.m. and concluded at 4:30 p.m., with a 30-minute lunch break.

16. At all times relevant, Plaintiff Lynch was paid by Defendant an hourly wage of approximately $17.00 per hour.

## I.  Main Duties and Reduction in Force.

17. In his capacity as a medical record clerk, Plaintiff Lynch assembled and analyzed discharged patient records, pulled, photo-copied, and transported all records to and from the medical records department, and analyzed medical records for completeness.

18. Plaintiff's duties further required him to respond and release information to persons requesting medical records and to distribute reports, records, and other materials to physicians and medical assistances.

19. Upon information and belief, nine (9) physicians perform work for Defendant CMED, each of whom provides internal medicine, endocrinology, and diabetes care to CMED's clientele.

20. Upon information and belief, medical record clerks were required to assist each physician and each physician routinely delegated various tasks and duties to CMED's medical record clerks.

21. Upon information in belief, prior to 2008, Defendant CMED reduced the number of medical record clerks that it employed from six (6) to two (2).

22. Following the reduction in force, Plaintiff Lynch's individual workload significantly increased.

## II.   Lunchtime Deductions.

23. At all times relevant, Defendant CMED utilized a timekeeping system that deducted from employee wages a 30-minute lunch period, regardless of whether a lunch break was actually taken by an employee.

24. Upon information and belief, Defendant CMED informed employees that 30-minutes would be deducted in cases where employees worked during their lunch break.

25. Upon information and belief, Defendant deducted a 30-minute lunch break from Plaintiff's wages even though he rarely, if ever, actually took a lunch break.

26. At all relevant times, Plaintiff routinely ate his lunch at his desk, giving him access while eating to medical records, a phone, computer, scanner, and photo-copy machine

27. Plaintiff Lynch routinely worked the majority of his lunch breaks.

28. For example, during his lunch break, Plaintiff assembled and analyzed discharged patient, pulled, filed, and transported all records to and from the medical records department, and analyzed medical records for completeness.

29. While eating, Plaintiff also responded and released information to persons requesting medical records and distributed reports, records, and other materials to physicians.

30. Because Plaintiff's worked while eating, he was not completely relieved of his duties.

31. This real limitation on his personal freedom inured to the benefit of Defendant CMED.

32. Defendant CMED knew and had reason to believe Plaintiff continued to work during his lunch breaks and that the time was work-time.

33. Upon information and belief, Plaintiff's supervisors, CMED physicians and medical assistances, and administrators all routinely asked Plaintiff to perform work during his 30-minute lunch break.

34. Upon information and belief, CMED physicians and medical assistants routinely requested that Plaintiff pull, file, and transport medical records during Plaintiff's lunch period.

35. Upon information and belief, Plaintiff's supervisors, CMED physicians and medical assistants all routinely asked Plaintiff to perform time-sensitive tasks at or near the beginning of his lunchtime breaks, which caused him to work during lunch breaks.

36. For example, in those instances that Plaintiff received a phone call from persons requesting information, records, or other materials, Plaintiff was required to immediately provide the requested information, without regard to the fact that he was on his lunch break.

37. Upon information and belief, Defendant CMED had no formal policy that permitted an employee who did not take a 30-minute lunch break to have his wages adjusted to reflect the half-hour worked.

38. Upon information and belief, Plaintiff's supervisors and administrator at various times made statements that evidenced their knowledge that Plaintiff was indeed working while eating.

39. Upon information and belief, CMED supervisors and administrator created an environment that discouraged Plaintiff from reporting any hours or part hours worked during lunch.

40. For example, CMED employees were routinely sent internal messages called "Jelly Beans" that warned employees from working overtime hours.

41. At all relevant times, CMED supervisors routinely sent "Jelly Beans" stating that employees were not entitled to overtime wages for hours worked absent prior permission.

42. Upon information and belief, if an employee worked in excess of forty (40) hours, the administrator and/or supervisors would make disapproving statements, such as: "If you work beyond your eight hours you will not be paid."

43. Defendant CMED's deduction policy resulted in lost overtime to the extent that the operation of the policy deprived Plaintiff of credit for hours worked in excess of forty (40) hours per week.

## **WILLFUL FAILURE TO PAY OVERTIME**

44. Paragraphs 1 through 43 are incorporated herein by this reference.

45. As a consequence of the lunchtime deduction policy, Defendant CMED failed to compensate Plaintiff at time and one-half for all hours worked.

46.     Plaintiff regularly worked in excess of forty (40) hours per week while employed with Defendant.

47.     Defendant CMED is liable to Plaintiff for any and all time worked in excess of forty (40) hours per week.

48.     Defendant CMED knew or should have known that the FLSA applied to Plaintiff.

49.     Defendant CMED failed to compensate Plaintiff for all time worked.

50.     Defendant's violations of the FLSA overtime provision, 29 U.S.C. § 207(a), were willful because Defendant: (1) failed to maintain accurate time records; (2) failed to compensate Plaintiff for all time worked during his scheduled lunch period; (3) led Plaintiff to believe that Defendant's lunchtime deduction policy conformed with the FLSA and the laws of the State of Georgia; and (4) discouraged Plaintiff from reporting time worked in excess of forty (40) hours.

51.     Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendant CMED is liable to Plaintiff for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

52.     Plaintiff seeks damages in the amount of Plaintiff's unpaid overtime wages, liquidated damages as provided under the FLSA, and any other legal and equitable relief the Court deems proper.

53. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lynch respectfully prays that:

a. the Court enter judgment in favor of Plaintiff;

b. the Court enter judgment against Defendant that its violations of the FLSA were willful;

c. the Court award Plaintiff all unpaid overtime wages as provided for under the FLSA;

d. the Court award Plaintiff liquidated damages in an amount equal to the amount of his unpaid overtime wages, as provided for under the FLSA;

e. the Court determine all triable issues at trial; and

f. the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Lynch demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   July 16, 2012

| | |
|---|---|
| **MAYS & KERR LLC**<br>229 Peachtree Street NW<br>International Tower \| Suite 980<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (877) 813-1845<br>Attorneys for Plaintiff | /s/ Viraj Parmar<br>Viraj Parmar<br>Ga. Bar No. 996884<br>viraj@maysandkerr.com<br><br>John L. Mays<br>Ga. Bar No. 986574<br>john@maysandkerr.com |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 16th day of July, 2012

/s/ Viraj Parmar
Viraj Parmar
Ga. Bar No. 996884